IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

LINDA L. SHAFFER,
    Plaintiff,

vs.                                                    Case No.:_____

SERVIS ONE, INC. DBA BSI FINANCIAL
SERVICES, LAW FIRM GARY M. SINGER
P.A. AND MCCORMICK 106 LLC,
    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Linda L. Shaffer, ("Shaffer"), sues Defendants, Servis One, Inc. dba BSI Financial Services ("BSI"), Law Firm of Gary M. Singer P.A. ("Singer"), and McCormick 106 LLC ("106")(collectively "Defendants") for violations of the Fair Debt Collection Practices Act 15 U.S.C. §1692 ("FDCPA"), and the Florida Consumer Collection Practices Act, *Florida Statutes* §559.55 ("FCCPA"), and alleges:

### INTRODUCTION

1. This action arises out of debt collection activities by the Defendants against Shaffer. The debt collection efforts were in violation of the FDCPA and FCCPA because Defendants mislead, misinformed, and failed to inform Shaffer of the legal status of the debt, the acceleration of the debt, the prior foreclosure of the debt, and the judgment on the debt. The debt collection efforts of the Defendants caused Shaffer to lose her home to foreclosure sale, face a significant deficiency judgment, and subjected her to severe emotional distress.

## PARTIES

2. Shaffer is a "consumer" as defined under the FDCPA and resident of Sarasota County, Florida.

3. Defendant, BSI is a "debt collector" as defined under the FDCPA and a Texas Corporation with its headquarters in Irving, Texas. BSI is engaged in the regular business of collecting debts owed to others incurred for personal, family, or household purposes.

4. Defendant, Singer is a "debt collector" as defined under the FDCPA and a Florida Corporation with its headquarters in Sunrise, Florida. Singer is a law firm engaged in the regular business of collecting debts owed to others incurred for personal, family, or household purposes.

5. Defendant, 106 is a "debt collector" as defined under the FDCPA and is a Maryland Limited Liability Corporation with its headquarters in Hunt Valley, Maryland. 106 is in the regular business of purchasing debt and collecting debt owed to others incurred for personal, family, or household purposes.

## JURISDICTION AND VENUE

6. Subject matter jurisdiction is appropriate because this matter involves a federal question that arises under 15 U.S.C. §1692. In addition, this court has supplemental jurisdiction of the claims that arise under *Florida Statutes* §559.55.

7. Personal jurisdiction and venue are appropriate because the debt collection activities occurred in this district and Shaffer is a resident of this district.

## FACTUAL BACKGROUND

8. On October 26, 2005, Shaffer obtained a loan from Esecondmortgage.com Inc. DBA The Loan Corporation to purchase a property with an address of 6312 Rose Rush Court Bradenton, Florida 34202 ("Property"):

9. On or about October 26, 2005, the loan was negotiated to BankUnited FSB.

10. On or about May 21, 2009, BankUnited FSB was closed by the Office of Thrift Supervision and the Federal Deposit Insurance Corporation was appointed receiver.

11. The Federal Deposit Corporation sold the assets and liabilities of BankUnited FSB to BankUnited N.A.

12. On or about July 1, 2009, Shaffer was sued for foreclosure based upon an alleged default in payment and the original loan documents were filed with the Manatee County Clerk. The original note at that time had only one endorsement.

13. In February 2014, Shaffer filed a chapter 13 bankruptcy with case number 8:14-bk-02098.

14. On April 23, 2014, Defendants filed a motion for relief from stay with a copy of the note with additional endorsements.

15. On April 30, 2014, Singer obtained the original loan documents that belonged to BankUnited N.A. from the Manatee County Clerk which contained only one endorsement.

16. In July of 2014, Singer filed a lawsuit on behalf of 106, against Shaffer, for deficiency judgment and foreclosure. The note filed in this case contained the same endorsements that appeared on the note attached to the motion for relief from stay.

## COUNT I VIOLATION OF FDCPA
(Against all Defendants)

17. Shaffer re-alleges and incorporates by reference the preceding paragraphs 1 through 16 as if stated fully herein.

18. BSI has sent multiple written communications to Shaffer in an attempt to collect a debt. One example is set forth as exhibit "A." ("Letter A"). A second example is set forth in exhibit "B." ("Letter B"). Said letters were sent in violation of the FDCPA. (See Exhibit "A" and "B").

19. Letter A fails to inform Shaffer that the loan has been accelerated. See 15 U.S.C. §1692e(2)(A), 15 U.S.C. §1692e(5), 15 U.S.C. §1692e(10), and 15 U.S.C. §1692f(1).

20. Letter A fails to inform Shaffer that the loan was in foreclosure. See 15 U.S.C. §1692e(2)(A), 15 U.S.C. §1692e(5), 15 U.S.C. §1692e(10), and 15 U.S.C. §1692f(1).

21. Letter A fails to inform Shaffer that the debt had been reduced to judgment. See 15 U.S.C. §1692e(2)(A), 15 U.S.C. §1692e(5), 15 U.S.C. §1692e(10), and 15 U.S.C. §1692f(1).

22. Letter A seeks to collect a portion of a debt which is barred by the statute of limitations. See 15 U.S.C. §1692e(2)(A), 15 U.S.C. §1692e(5), 15 U.S.C. §1692e(10), and 15 U.S.C. §1692f(1).

23. Letter A seeks to add additional amounts due for costs and fees after a judgment was already entered. See 15 U.S.C. §1692e(2)(A), 15 U.S.C. §1692e(5), 15 U.S.C. §1692e(10), and 15 U.S.C. §1692f(1).

24. Letter B fails to inform Shaffer that the loan has been accelerated. See 15 U.S.C. §1692e(2)(A), 15 U.S.C. §1692e(5), 15 U.S.C. §1692e(10), and 15 U.S.C. §1692f(1).

25. Letter B fails to inform Shaffer that the loan was in foreclosure. See 15 U.S.C. §1692e(2)(A), 15 U.S.C. §1692e(5), 15 U.S.C. §1692e(10), and 15 U.S.C. §1692f(1).

26. Letter B seeks to collect a portion of a debt which is barred by the statute of limitations. See 15 U.S.C. §1692e(2)(A), 15 U.S.C. §1692e(5), 15 U.S.C. §1692e(10), and 15 U.S.C. §1692f(1).

27. Letter B misleads Shaffer about the monthly payment amount, when it was due, and what amount is required to be paid.  See 15 U.S.C. §1692e(2)(A), 15 U.S.C. §1692e(5), 15 U.S.C. §1692e(10), and 15 U.S.C. §1692f(1).

28. Singer, on behalf of 106, pursued a judgment, in part for a deficiency on the note, in violation of FDCPA.  Singer, at a hearing on summary judgment, presented to the state court the original note with an allonge which contained fabricated endorsements.  The endorsements were fabricated for use as a false representation of the note and mortgage filed into federal bankruptcy court in an attempt to seek relief under a motion for relief from bankruptcy stay on a prior occasion.  The fabricated endorsements were used to misrepresent the legal status of the note.  (See Exhibit "C").  See 15 U.S.C. §1692e(2)(A).

29. Singer violated the FDCPA when it, on behalf of 106, filed an affidavit in state court executed by BSI, on behalf of 106, in support of a motion for summary judgment which sought to collect amounts owed which were in part barred by the statute of limitations.  (See Exhibit "D").  See 15 U.S.C. §1692e(2)(A), 15 U.S.C. §1692e(5), 15 U.S.C. §1692e(10), and 15 U.S.C. §1692f(1).

30. Singer, on behalf of 106, obtained a foreclosure judgment and Shaffer's house was sold by the Manatee County Clerk to 106 on July 22, 2016.

## RELIEF REQUESTED UNDER FDCPA

WHEREFORE, Shaffer requests that this Court enter judgment in her favor and award the following:

A. Statutory damages under 15 U.S.C. §1692k(a)(2)(A);

B. Actual damages, including emotional distress, under 15 U.S.C. §1692k(a)(1);

C. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3); and

D. Any other relief just and proper.

## COUNT I VIOLATION OF FCCPA
### (Against BSI)

31. Shaffer references and incorporates preceeding paragraphs 1 through 30 as if set forth fully herein.

32. BSI sent written communications to Shaffer which violate *Florida Statutes* §559.72(9), because the letters in part seek to collect debt that is in part barred by the statute of limitations, and seek to collect sums in excess of the judgment already entered.

## RELIEF REQUESTED UNDER FCCPA

WHEREFORE, Shaffer requests that this Court enter judgment in her favor and award the following:

A. Statutory damages under *Florida Statute* §559.77(2);

B. Actual damages, including emotional distress, under *Florida Statute* §559.77(2);

C. Costs and reasonable attorney's fees pursuant to *Florida Statute* §559.77(2); and

D. Any other relief just and proper.

## DEMAND FOR JURY TRIAL

Shaffer hereby demands a jury trial on all issues so triable.

Dated this 8th day of March, 2017.

**Law Office of David W. Smith**
5020 Clark Road Ste. 412
Sarasota, FL 34233
P: (941) 312-3078
F: (941) 923-1291
*david@dwsmithlaw.com*
Attorney for Shaffer

 /s/ David W. Smith
David W. Smith, Esq.
Fla. Bar No. 70689